48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Vincent Lemark CORNS
v.
B.E. COLLINS, Warden, Arkansas Department of Correction;
Larry Fiedorowicz, Arkansas Department of Correction; Larry
Norris, Acting Director, Arkansas Department of Correction;
John Byus, Medical Administrator, Arkansas Department of
Correction; T. Rogers, Infirmary Manager, Arkansas
Department of Correction, Appellees.
 No. 94-2419.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 9, 1995.
Filed: Mar. 9, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent Lemark Corns appeals from the district court's[1] entry of judgment in favor of defendants after a bench trial on his 42 U.S.C. Sec. 1983 claims. We affirm.
 
 
 2
 Corns, an inmate at the Maximum Security Unit (MSU) of the Arkansas Department of Correction (ADC), was given thirty days of segregation and a downgrade in class status for refusing to report to work on the hoe squad. Corns alleged he should not have been disciplined because he could not perform hoe squad work due to his medical condition; Corns stated that he had scoliosis, his left leg was shorter than his right leg, and at the time of his refusal to work, he did not have his special shoe with a lift for his left leg. Corns alleged his Eighth Amendment rights were violated and sought monetary damages.
 
 
 3
 After a bench trial, the magistrate judge found that while a mistake was made in assigning Corns to the hoe squad resulting in his service of punitive time, there was not sufficient evidence to show that defendants John Byus, Administrator of Medical and Dental Services at ADC, or Tim Rogers, Infirmary Manager at MSU, acted with deliberate indifference to Corns's serious medical needs because both defendants had responded appropriately when they became aware of Corns's problem. Corns appeals, arguing that the evidence showed he was entitled to recovery on his claims, and that the district court abused its discretion in failing to appoint counsel.
 
 
 4
 We review a district court's findings of fact under the clearly erroneous standard, while we review de novo the issue of whether the established facts prove an Eighth Amendment violation. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). We find no clear error in the district court's findings of fact, and conclude that the district court correctly held Corns did not prove defendants acted wantonly or with deliberate indifference. While the evidence suggests Corns was not physically capable of working on the hoe squad without his special shoe, both Byus and Rogers testified that they did not determine inmate work assignments, but rather such assignments were made by classification officers based on medical classifications determined by physicians. There was no evidence that Byus or Rogers were personally involved in, or directly responsible for, the delay in Corns obtaining his shoe from a doctor at the diagnostic unit, or Corns's work assignment. See Madewell v. Roberts, 909 F.2d 1203, 1207, 1208 (8th Cir. 1990) (compelled labor beyond inmate's physical capability violates Eighth Amendment; "[l]iability under Sec. 1983 requires a causal link to, and direct responsibility for, the deprivation of rights"). The evidence shows that neither Byus nor Rogers knew of Corns's problems until after he was disciplined or ignored his problems once they became aware of them.
 
 
 5
 The district court did not abuse its discretion in refusing to appoint counsel. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.), cert. denied, 113 S. Ct. 658 (1992). The factual and legal issues were not complex; the case was presented at a bench trial; and the magistrate judge took steps to avoid any undue prejudice to Corns because he appeared pro se. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). Corns's present motion for counsel is also denied.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)